40292 Lamar Cty Electric Co-op v. McInnis Brothers Construction First question I'll have is whether McInnis Brothers is related to the defendant McInnis. It drew our attention, Your Honor. I will preemptively answer no. Oh, okay. Although one of the owners is named Gary McInnis, so I have the same moment where I'm just a little bit... Yes, sir. Yes, sir. Good morning. May it please the Court. My name is Michael Lowe. I'm with the law firm Keen-Miller. We represent McInnis Brothers Construction, which is the appellant in this matter. And I think I can represent to the Court that our facts are a little bit more mundane, a little bit more basic than the argument that the Court just heard. What we have at issue here is a fight over a construction project. The construction project was in Paris, Texas. McInnis Brothers was the general contractor and Lamar Electrical Co-op is the owner on the project. The project is complete, but the parties are nonetheless now in the middle of a legal battle. Lamar filed suit against McInnis Brothers alleging, among other things, breach of contract. They filed suit in the 62nd Judicial District Court in Lamar County, Texas. They filed suit in state court. McInnis Brothers removed the matter. And on Lamar's motion, the district court remanded the matter back to state court based on some language in the party's contract with respect to venue and jurisdiction. And so, again, I think the facts are pretty simple, but I do think this case presents a somewhat interesting and at times complicated intersection between federal procedure and contract interpretation. But be that as it may, I think the core question, just like the facts, is relatively straightforward. And that is whether or not the parties in this case contractually waived their right to remove a lawsuit to federal court. For your position, what meaning do you give to the word in? Because it says for and in, so I'm trying to figure out how your position, how do you give that in any difference than if it just said for? Well, I think the fact that it does say for is the distinction. I think that is one of the distinguishing factors from our language compared to, say, the language at issue in the Collin County decision. And I think that in can honestly mean a couple of different things. I think what in means depends on what's the focus of the provision. Is the focus of the provision trying to identify a court or is the focus of the provision trying to define a geographic location? And I think if it's the latter, you have the Collin County situation where that provision simply said jurisdiction and venue shall be in Collin County, Texas. So at that point, you've got a provision that points to a specific geographic location. And frankly, I won't argue that it makes sense to suggest that in refers to geography in that case. But we're not dealing with that situation in this case because the relevant provision, or at least the provision that Lamar focuses on, 1333 in the supplemental conditions, it does not say that jurisdiction and venue will be in Lamar County. It doesn't say that the parties agree to jurisdiction and venue in Lamar County. It doesn't even reference a state court or necessarily the courts of Texas. Well, there I'd ask you a question because it does say the judicial court. And I assume these contracts were drafted by people in Texas. I mean, one of them might have been an AIA contract, but at least that's the forum clause. That was recommended by your client, as I understand it. That is not correct, Your Honor. Oh, okay. The supplement was the owner. I will confess that that now appears to be a disputed fact. Well, I don't care. In our opinion, it should not be. But the point is judicial court sounds like a state court reference because we talk about the 51st Judicial District Court. And you hardly ever talk about the judicial court for the Eastern District of Texas, right? Well, and I'm not going to stand before the court and suggest that it is patently unreasonable to read the provision and call a judicial court the state court. But what I will say is it's just as reasonable, and frankly perhaps even a little bit more reasonable given the context of this case, to define the judicial court as any court that can exercise its jurisdiction. Not with the initial caps. I've never seen a federal court referenced as an initial cap judicial court, okay? Granted, federal courts have judges in them. I'm not denying that, I hope. But this concept, I was a judge of the 191st Judicial District Court, capital initial caps. That struck me. When I saw that, that's what came to mind. So, well, let me ask you this. What do you say about Atlantic Marine? I expected that to be one of the first questions that I would receive. And I have two comments about Atlantic Marine. Number one is I think that the Supreme Court's discussion about the general rules of federal venue is certainly relevant to this discussion. But if the broader question is does Atlantic Marine control, do we apply the analysis set forth in Atlantic Marine, this modified forum nonconvenience argument, I will say that this court has adopted that analysis in subsequent cases and said that if a party is seeking to enforce a forum selection clause that points exclusively to a state forum or a nonfederal forum, then we apply this modified forum nonconvenience analysis that's set forth in Atlantic Marine. I think that there's two big caveats to that in this case. The first is there's obviously some procedural differences. The Atlantic Marine case was a defendant seeking to have the plaintiff's case dismissed or transferred, and I will... I mean, the issue really in Atlantic Marine was when someone moves in federal court to transfer venue, there's these public and private interest factors. Correct. Four for both. And the dilemma was, well, when you've got a forum selection clause, does that completely override those eight factors or is it enmeshed in the fact, right? Correct. That was really the challenge. Courts were not sure how to factor a forum selection clause into the eight factors that a 1404 transfer... And again, I do think, frankly, I think it's an issue that's a little bit above my pay grade that that analysis could be incorporated into a remand situation. They expressly addressed state court situations, even though that was not before them, because they had in front of them the whole forum nonconvenience idea, and as Judge Costa said, how does that sink in with 1404 versus 1406 versus something else? But they also addressed the state court. So that's why I think this provision, no one is saying it expressly says you cannot remove this case to federal court. Nobody's saying it says that. Correct. But it wants to be in the county where we're doing this build, and so that's Lamar County, which is an hour away from Judge Mazant's chambers, okay? So that's not irrelevant. It's a different place from Grayson County. Agreed, and I don't mean to suggest that that is irrelevant. I think in addition to the procedural differences between this case and what was in front of Atlantic Marine, there's also a big however in Atlantic Marine, and that's footnote five, and that is the Supreme Court makes it very clear that its analysis presupposes a valid and enforceable forum selection clause. So I still think we're faced with the same core question, and that is, is this particular provision that Lamar relies on, is it clear, is it unequivocal, and is it mandatory? But there's not been a challenge to its enforceability or its validity. You just are challenging how it's being construed, which is always true in these kinds of cases. True, and I think that goes back to what really is the definition of mandatory in this context, and the case law says that mandatory means that there's only one possible interpretation, but it also says that in this context, there still is the question. I think this is probably your point, Judge Haynes, is if it's mandatory, we still have to figure out what it mandates, and in this case, does it mandate only that suit can proceed in state court in Lamar County, or does it mandate that more than one court can hear this case? I think if you had been building in Dallas County, you could be in federal court. The problem is there's not a federal court in Lamar County, and I found it interesting. I found out the 62nd Court sits in several counties and has a physical courthouse in each of those counties. Wow, so apparently Texas understands the concept of in. Well, and my response to that would be the same response that we have to the district court's decision, is that I think that that reading of 1333 is problematic for three reasons. One is I think it places an inappropriate emphasis on the term in, and it focuses the analysis on a geographic location, because, again, the phrase at issue is this undefined judicial court, because I understand the comment about— But this goes back to my first question. It says the judicial court in and for Lamar County, and I understand the meaning you're giving. For, you're saying even the federal court in Sherman is for Lamar County. It's in that division of the Eastern District. But how do you read the in? What does the in add to the for? It's and, so they have to be different. Agreed. I think, again, I think we have to read the entire phrase. The judicial court in and for, and I think even the district court acknowledged that it is a court for Lamar County in the sense that it has jurisdiction that may be exercised in Lamar County. That goes back to my comment about the Atlantic Marine decision where they talked about the general rules of venue, that as long as there's personal jurisdiction, there's supposed to be venue in a federal court somewhere. There's not supposed to be gaps. The court expressly rejected that idea and even acknowledged that there is concurrent jurisdiction between state and federal courts. And so to your question, Judge Costa, I think not only did the district court and not only does Lamar really try to steer this analysis to geography to take advantage of the Collin County decision, because, again, I cannot sit here and say that there's a federal courthouse physically located in Lamar County. However, we do have a number of competing contractual provisions at issue in this contract, and I think that when you read all of those together, I think what you find is if we look at Section 6.2, which is in the party's prime contract, and that's Record 2627, that provision says that all disputes are going to be resolved via litigation in a court of competent jurisdiction. So to your question, what meaning do I give the term the judicial court? I give that term the meaning that's in the party's contract in Section 6.2, which is a court of competent jurisdiction. Well, but of course you're leaving out the sole venue in jurisdiction. Correct, but I think that in this case, I'm not sure that's dispositive because I do think that this court and other courts have recognized that it doesn't always just have to be one court and one court only. There can be multiple courts that have jurisdiction and venue over the dispute. Well, I understand that, but I mean this comes down to the general versus the specific, court of competent versus jurisdiction versus sole and exclusive. Well, and I think one comment on that would be that, and again I think Lamar tries very hard in its brief to this court to focus on the word the, and say it can only be one, there can only be one. I think, number one, that ignores 6.2. I think, number two, that ignores the fact that there's actually multiple state courts that meet that definition. And so I think to your Honor's point,  I think there's certainly an argument. Is there a county court at law somewhere around there? My appreciation is that there's not only two district courts that technically have jurisdiction in Lamar County, and the district judge sort of dismissed that notion by saying, well, they're randomly assigned, but there are also a number of lower courts that would also have jurisdiction, lower state courts. But my point on that issue is it's inconsistent to adopt an expansive definition of the judicial court and say, well, despite the word the, it could mean any number of courts, but then an extremely narrow reading of in and for, and focus just on in. And so to your question, Judge Costa, what meaning do I give in? I give it the meaning that I think makes sense in the overall context of the provision. Are the county courts in Lamar County limited by amount of money being sought? I believe so, Your Honor. Yeah. So that's a fairly important difference. As well, you could be in Lamar County, but not for Lamar County if you're a city court, right? If you're the Paris city court. I think perhaps, but I think that those questions go to the fundamental question here, and that is, is there one clear unequivocal interpretation of this provision? What do you do with our case that says that if it's ambiguous, you have to remand? Well, I think that we have to consider that rule with the other rule that says if it's ambiguous, you have to interpret it against the parties that draft it. You're arguing about the drafter, because as Judge Jones, that's a tiebreaker if something's ambiguous in the normal contract law sense. Okay, it's ambiguous, go against the drafter. But here there's already a tiebreaker that removal has to be clear. I mean, this helps you. If it is ambiguous, don't you win just because the waiver of removal has to be clear and unequivocal? Absolutely. So why does the drafter matter? Well, it's sort of a belt and suspenders approach on our point. And frankly, it was perhaps putting blinders on in response to the notion that they argued so hard for the first time before this court that they didn't draft it. And we felt that was an issue that needed to clearly be addressed. So your position is if it's ambiguous, you win because the waiver of removal has to be clear. Correct. Or ambiguous is the opposite of clear. And again, I do think that takes us back to the core question, and that is are there reasonable interpretations on both sides of this equation? And again, if we look at 6.2, it refers to a court of competent jurisdiction. We know of at least one opinion that reads the term in as a reference to jurisdiction. That's the Devier construction case. We also know that the district court in this case expressly acknowledged that it is a court for Lamar County. That makes sense. It is. It can exercise its jurisdiction. And again, if we go back to the location analysis, of course there's not going to be a federal court in every single county. Let me ask you on that waiver of removal, though. I have trouble reading this as a waiver of removal as much as I think it's more of an Atlantic Marine, you know, forum nonconvenience. So if we concluded it was a forum nonconvenience and the problem is there ain't a federal forum to go to in that convenience, then the ambiguity would send back to the district court because there's a long list of rules to address ambiguous contracts. So the judge would need to go through all of that to get to the right answer, which includes at the end who wrote it. But that's way at the end. It's not at the beginning, right? I think it's at the beginning of the middle, if that makes sense. I think if we get there, that dictates which direction we go once we start into the forum nonconvenience analysis. And that is, do we have a clear and unequivocal and mandatory forum selection clause that says it can only be in state court? There's no other reasonable interpretation of the contract. Well, because I think this exact sentence, if it were in a contract where they were building a building in Houston, you could remove the case. That's why I'm just not sure that this removal rule is really the rule. It's really a choice of venue. Well, I agree with your statement about Houston because that would render Lamar's argument about the physical location of a courthouse irrelevant. But no one's moved for transfer on forum nonconvenience grounds. I mean, all those things are waivable. Correct. The district court had a motion to remand based exclusively on waiver of removal. That was the basis for its remand. You're challenging that. But, I mean, no one said, I'll file a motion to transfer to a different court because of forum nonconvenience, right? Correct. That is correct. And so I agree that what was presented to the district court was a question of waiver of removal. And I think that issue still turns on the core question. And a motion to remand, not a motion to transfer. Correct. And so I still think that that gets us back to the core question is, can we really say that this is clear and unambiguous when there are reasonable arguments in the courts? I was just going to say, a federal court can't transfer to a state court, but it can remand. Agreed. So the physicality of what happened is the same. Agreed. And, again, I just — You have time for a button. Okay. Thank you. Yes, sir. May it please the court, I'm James Rogers, representing Lamar Electric Cooperative from Paris, Texas. And I agree with some of the comments that have been made here. This case, as far as the choice of court, is clear, in and for. That is exactly — It ain't clear, and we wouldn't be here if it were clear. We'd have handled this on the summary docket. Well, in and for, I believe, means in and for. What Mr. Lowe and McGinnis is arguing is to remove that word and and look at it as in or for Lamar County. As Judge Bazant correctly pointed out, both of those terms are used, and you cannot skip over the in part of it. And I agree with Judge Haynes. We might have a different argument if we were in and for Harris County, where there is a federal courthouse in Harris County. There is no federal courthouse in Paris, Texas. Sherman is 60 miles away, as has been pointed out. The only judicial courts in and for Lamar County are the courts of — the state courts of Lamar County. So that's why I believe the in and for part is dispositive of this issue, that you cannot ignore the and part of this. And this is in line with this circuit's interpretation that's in the Siemens case or the Argyle Properties case. This is exactly in line with those cases where you say it lies exclusively in a court sitting in that county or a court in that county, because this clause is even better in and for. It has shall, sole jurisdiction and venue. It is as clear as — Well, you could have said state court. Obviously, it could have said — Maybe you will in the future. It said judicial court in the county of the project location, and the project location is Lamar County, and the only courts in Lamar County are the court in which we file this action. There are two district courts in Lamar County. I want to be clear. The waiving removal does not require explicitly stating so, which is what I've been discussing. But it also says or by establishing an exclusive venue within the contract. That's what I've been asking about with this Atlantic Marine. So now why don't you address Atlantic Marine? All right. Well, Atlantic Marine, I think the one thing you can say in discussing Atlantic Marine and what Judge Alito was talking about on forum selection clauses is, one, there's great deference going to be given to a forum selection clause. They're going to be honored. They're going to be upheld assuming you have a valid forum selection clause. And then it sets out the procedural mechanism when you have the federal to federal under 1404A and what's the appropriate way to transfer to another district. But as you pointed out, it clearly also references what happens when you have state court forums or you have federal forums. And it sets out that you do the analysis in which only in the most rare of circumstances is anybody ever going to be able to sustain that burden. Only in the rarest of circumstances are you going to be able to show some public consideration matter that keeps the forum nonconvenient. They say it's a forum nonconvenience argument, except the analysis is we do not consider convenience of the parties as a private matter. We must have it as a public matter. So it says we're going to do a forum nonconvenience analysis, but then immediately removes the convenience part from the analysis. So if Atlantic Marine stands for the proposition, if we're going to look at one district to another under a 1404A analysis, but we're going to use the same criteria on state or foreign forums for doing that, then it sets out the procedure for what happens when, in fact, the very first line of the case says this is a case where a defendant is sued in a forum that is in opposition to the forum selection clause. And it sets out you file a motion to dismiss on a forum nonconvenience. Well, here we have the different situation. We filed the correct action in the appropriate forum we believe is called forum in the forum selection clause. So what do you do in that situation? Well, in this case McGinnis Brothers sought to do a removal, and then we under 1447A did what was appropriate because that section says if there's any defect in the removal, you are to bring it in a timely motion to remand. This is what we did. Now, where Atlantic Monthly is all talking about a case where you have been sued in the wrong forum in violation of a forum selection clause, so you then go file this motion to dismiss on forum nonconvenience. Well, here we're not the offending party. We are the appropriate party that filed it. Yes, but you are arguing that you have to stay in Lamar County. Yes. Because Grayson County is a forum nonconvenience. Yes. So I think what Atlantic Marine talks about in the analysis should be applied in this case. But in this case, we are not the offending party. It has been removed, and we're filing a motion to remand. It would seem to not be a very good system for us to have to file a motion to dismiss our own case and cite forum inconvenience with the hope that if we prevail in that, we get to come back and file the suit in the very same court that we started out with. That would seem to violate judicial economy. That does not seem to be a result. No, because we have – we actually have district court cases across the country that disagree about whether Atlantic Marine applies to remands. Because as I said before, ordinarily, if you had sued in federal court and they said, oh, no, no, no, we want to be in state court, the court could not have sent it directly to a state court. It would have had to dismiss and say you have to file in state court. But here it can. Here it can send you back where the right place is. So the remand, as you say, is just a simpler way of doing – it's like a 1404, except it's a remand. I mean, this is just what I'm asking. I don't know. Yes, and I'll concede Justice Alito in the Supreme Court did not address the situation where the action is originally filed in the appropriate forum in the state or foreign forum, but they set up this motion to dismiss as the way to enforce it. Well, it would be nonsensical for us to file a motion to dismiss our own case. Where there is a procedural vehicle to do this, that is the motion to remand. So, therefore, when you do the motion to remand and Atlantic sets out clearly the burden is on the party trying to contravene the forum selection clause to bring forward those public policy, public considerations. So when we file our motion to remand, the appropriate thing would be if McGinnis somehow could argue that there was a forum nonconvenience argument between Paris and Sherman, Texas, which is only 60 miles away, it would be incumbent upon them to bring forward some public interest factors for the court to consider. They didn't bring any forward. They didn't even argue it. So they had the burden if there was somehow some public exception, which is almost unimaginable given the language that Justice Alito, extraordinary, exceptional factors, those type of things, can't imagine what they would be with any type of forum nonconvenience when Paris is one hour away from Sherman and the project that we're talking about is six miles away from the courthouse in Paris, Texas. So I can't, so I would only assume they didn't bring forward any type of extraordinary or exceptional factors because there would be none. Let me, can I draw you back to the language of the clause that we're dealing with? Yes. You started off by saying in and for Lamar County means in Lamar. You can't divorce it from in. So what does for mean? Well, I think one explanation would be it has to be, because Mr. Lowe argued about 6.2, and 6.2 is simply a binding resolution decision, arbitration or litigation. In this contract, litigation in a court of confident jurisdiction. So we can file suit in Lamar County, but it must be in a court that is proper, that has jurisdiction to handle that type of matter. For instance, we cannot file it in a court that might be in Lamar County that it's in Lamar County. For instance, we have a municipal court with a municipal courthouse with a municipal judge. We couldn't file it in a municipal court because it doesn't have the jurisdiction to handle this type of matter. So it is a court of confident jurisdiction. Article 6.2. So and for, but every, if it said in Collin County, nobody disputed that it would be a court of confident jurisdiction in Collin County. And similarly here. So you're making for superfluous, aren't you? No, I still think it has to be a court that has the. Because with what was just in, the municipal court would qualify. Municipal court. But the municipal court's just for the city of Paris, not for the whole county. Not for Lamar County. And for means it has to be a countywide jurisdiction. I think we would still be in the same position if it just said in, but it went on and said and for. But and for does not limit the in. That's exactly what Judge Mazant pointed out in his memorandum opinion. McGinnis Brothers wants to say. Well, I'm telling you any reasonable, no reasonable reader would interpret a contract to have a provision that is meaningless, which is to say in Lamar County means that you could go to file a suit in a court that didn't have jurisdiction. And not in the family court, not in, you know. Yes. So you're not going to interpret and for to counteract something, it seems to me, that would be absurd. Well, but the and for, and I think the application in this case, the and for does not change the result at all. You must start out. No, it's just superfluous to the argument. You must start out with a court that is in Lamar County. And you've got into this issue about the draft. Well, that's a really common phrase, in and for. Yes. I've seen that in other places. And so that's not shocking, the notion that it does have to have jurisdiction in that county, even though I agree people would not tend to file in the wrong jurisdiction. But you do need to set that up. But the problem is if we just focus on for, we will ignore in. So we do need to look at both. Yes. And, you know, just the other day I happened to be in court and heard the judge be announced sitting in a certain district in and for. I was actually in Hopkins County, but said this court in and for Hopkins County. It's a phrase that's used, in and for. It is. It's just like judicial court, initial caps. Everybody knows that's talking about the 62nd District Court or whatever. And I agree with Judge Costa about the drafting is a superfluous kind of issue because I believe the section clause is clear as written. But the drafting, they said out in their brief that Lamar somehow drafted a supplementary condition. There's absolutely no evidence on the record of any of that. Well, let's just move back again because, you know, I've got a bench memo here. I'll attribute my comment to what's in one of our bright law clerk's writings. But it says the forum selection clause may have two reasonable interpretations. One, that venue and jurisdiction are proper in courts physically located in Lamar County. Or two, that venue and jurisdiction are proper in courts possessing jurisdiction in Lamar County, which would include federal district court. If that is, if there are two interpretations, the language is ambiguous and it is not an unequivocal waiver. But that has to be a reasonable interpretation, not just a mincing of words or a. . . Well, again, I said courts possessing jurisdiction is what any lawyer, because no competent lawyer is going to say, we want a suit in a court without jurisdiction. That's absurd. But when you say you want, when it sets out the sole jurisdiction and venue, keep in mind the rest of that phrase that is in the clause in this contract doesn't just say in and for Lamar County, but it says it shall have the sole jurisdiction of that matter. Well, suppose McInnis Brothers is headquartered in Austin. That means you don't want them, if they were suing you, you don't want them to sue you in Austin, right? That is correct. Okay. That is correct. But there is still nothing about this phrase. There is only, the only courts that satisfy the parameters of this clause, the only courts that satisfy that are the State District Courts in Lamar County, Texas. No other courts satisfy that definition of in and for, and it says they shall have the sole jurisdiction and venue. And to get back to your point about the two interpretations, like I said, they have to be reasonable. And if you look at the previous decisions of this court, the Siemens case, the Argyle Properties, those cases, the language is very similar to what we're talking about here. And that very argument was rejected in those cases that were here. In means in Lamar County. And I agree that if we had a federal courthouse in Lamar County, Texas, yes, we might have that result. Well, it makes sense because if there's a federal court, the point is these workers and others who might have to testify, you don't want them driving. I mean, boy, if you're way out in West Texas, it can be 300 miles to a federal courthouse. So it makes sense that it wants to be in the place where the work is being conducted so workers and others don't have to pay for a hotel room and spend the night driving around. I think one can take judicial notice that the Lamar Electric Co-op is not handling electrical service in West Texas. Well, but the contract says, it doesn't say Lamar County, actually, it says the project location. So the project location can change. Same comment. Right. But it's a general contract, the point being there's a reason why people would want it to be close by the project. It's convenience. Well, and if you look at the supplementary condition and the way it is worded, it says in the project location, the county of the project location, you would have to assume that was because that was a bargain for exchange, that litigation is appropriate where the work is being done. Can we take judicial notice that traveling 60 miles in East Texas is not the same as traveling 60 miles across Dallas, Fort Worth, or the Harris County metropolitan area? Oh, absolutely. I mean, there's none deniable that you're talking about 60 miles away, but it's still. What territory does Lamar Electric Co-op cover? Lamar Electric Co-operative covers Lamar County, a portion of Red River County, and a part of Delta County, which they're all within a 36 or 37-mile area. So we're really. We do not go over into the Fannin County toward the federal court. But that very argument is also, while we are not considering the private matters, as Atlantic Marine said, the private, if you were going to have a convenience of the party's analysis, it would still predominate in favor of, while it's not a great distance of 60 miles, where we are is exactly where the project location is, and that's exactly what is in the contract. That's just. That's exactly what was in the bargain for agreement. And it's not something. Regardless of who drafted this, which the only certification as far as draftsmanship, Ben Baldwin of McGinnis Brothers certified that they drafted these documents. But however you want to interpret that, this supplementary condition is clear and spelled out. It was. And contrary to what. It's spelled out. It's not clear. It says in and for the judicial court where the project is located shall have sole jurisdiction and venue. To whatever level of clarity that is, that was what was the bargain for, and that is what Justice Alito in Atlantic Marine said should be given great deference except in the most extraordinary of circumstances, which I don't think anybody has argued any extraordinary circumstances here. Just for the same reason, that argument about it being 60 miles away cuts both ways. How could there be an extraordinary circumstance of doing it in Lamar County as opposed to federal court over in Grayson County? So we believe the precedent is overwhelming. The Siemens case, the Argyle case, all the cases on contract interpretation, and as Judge Mazant pointed out in his memorandum opinion, it comes down to in Lamar County, and there is no federal courthouse in Lamar County, and that is in line with precedent of this court. Okay. Let me ask you one thing, because we've been talking about ambiguity. We have to construe it against the removal waiver. But that's not what Alliance Health, yeah, Alliance Health Group, which is about this topic exactly, held. It said you construe it against the drafter when it's ambiguous. So how do you address that issue? If it is, I know you don't think it's ambiguous, but if it is ambiguous, does that mean you can't prevail or does it mean we construe it against the drafter or does that mean we start down the path of all of the things that you look at in ambiguity? Well, first off, I don't believe, as the Court knows, I'm certainly arguing it's not ambiguous. And I believe the only record before this Court is the draftsmanship is certified by Ben Baldwin of McGinnis Brothers. I'm not sure I understand the argument they made for why, when he signed the certification, say I certify that all these documents were prepared by me. I do not know how that's not a certification that they drafted the document. But having said that, I don't believe it's ambiguous. I think they certainly are the draftsmen of the document. And you also remember the Gash case that says — That's not ordinarily the case, you know. Usually it's the owner who handles the project. I mean, if it's a business owner. Well, and I think, of course, this has gone a little bit — And what was the certification for? What was in and for? What was the certification's purpose? The certification on preparing — Bond, right? It's a certification of who prepared the documents. And that's what Ben Baldwin signed. For what purpose? I'm not sure what the purpose was. The contract called for a certification of preparation and he signed it. But you've got to also remember the Gash opinion, which says that if there is doubt, remand over removal is what applies according to the Gash case. I don't believe there is any ambiguity in this case. I think the sentence is clear. Well, the other deal is if the waiver is ambiguous, then it's not effective. Well, it all comes down to the interpretation of that clause. And I guess we can go back and forth on that. But it still comes down to there is only one court in Lamar County that can handle this case. And that's exactly where we filed it. Thank you all for your time and the questions. And we ask that the court uphold Judge Mazanza's ruling. Thank you. Thank you. Mr. Lowe? Yeah. I would just like to briefly address the line of questions that occurred at the very end with respect to draftsmanship. Your Honor asked what does that certification mean? I would like to answer that question since I don't believe that it was answered. That certification is a standard form AIA document that gets generated any time somebody prints the standard form AIA document. And all it does is it certifies the authenticity of the document that was printed off. It is not a certificate of authority as was suggested in Lamar's brief to this court. It is a certificate of authenticity. It is nothing more than a statement that says on this date and this time, this form document from the AIA got printed off, and any modifications that were made to that form document are contained. So, for instance, they would have had to do this to get a bond? Just to have the contract. And it really, again, is part of the standard form AIA documents. But the provision that Lamar rests its entire case on is contained in the supplementary conditions. And one more point on the certification. The certification is clear. This document, now Lamar changed that term to documents in its brief. That's not what it says. It says document because it's talking exclusively about the AIA contract that it's attached to. And the suggestion that there's not evidence in the record that Lamar prepared the supplemental conditions is simply not accurate. Number one, they've never once challenged that issue until we got here before this court. We made that argument at the district court. We made the statement affirmatively that they drafted the supplementary conditions, and that was never challenged. And that's because all we have to do is look at the supplementary conditions. They're in the record. The provision that they cite is on page 112. The document is very clearly labeled Lamar County Electrical Supplemental Conditions. It was part of the project manual that they had prepared for this contract. And if that's not enough, it's dated. It's dated January of 2019. The prime contract between McInnis Brothers and Lamar wasn't signed until April of 2019. So Lamar's argument is apparently that McInnis Brothers took it upon itself to draft a set of supplementary conditions for Lamar Electrical Co-op four months in advance of ever entering into a contract for this particular project. So, again, not to belabor that point, I just simply do not think there is any reasonable argument that can be made that Lamar did not draft the supplemental conditions. So, again, thank you very much for your time. Thank you for your willingness to entertain argument. Obviously, we would respectfully request that the district court's decision be reversed. And we appreciate the fact both of you gentlemen have made very good arguments and will take the case under submission. Thank you. The court will stand in recess for five or ten minutes. All rise.